OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. McElrath.
[Cite as Disciplinary Counsel v. McElrath (1994),      Ohio
St.3d    .]
Attorneys at law -- Misconduct -- Engaging in illegal conduct
involving moral turpitude -- Engaging in conduct that adversely
reflects on fitness to practice law -- Failing to comply with
continuing legal education requirements and to file biennial
report -- Two-year suspension with one year stayed conditions
and one-year monitored probation thereafter.
     (No. 94-1866 -- Submitted October 11, 1994 -- Decided
December 14, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-67.
     In a complaint filed October 18, 1993, respondent Lenza
McElrath, Jr. of Cleveland Heights, Ohio, Attorney Registration
No. 0025794, was charged by relator, Office of Disciplinary
Counsel, with violating DR 1-102(A)(3) (engaging in illegal
conduct involving moral turpitude) and 1-102(A)(6) (engaging in
conduct that adversely reflects on one's fitness to practice
law), as well as violating Gov. Bar R. VI(1) and (3) (requiring
every attorney to file biennually with the Clerk of the Supreme
Court of Ohio a certificate of registration, with a
registration fee) and Gov. Bar R. X(3) (failure to comply with
continuing legal education requirements and to file a biennial
report).
     On August 5, 1994, a panel of the Board of Commissioners
on Grievances and Discipline of the Supreme Court ("board")
conducted a hearing on the complaint, at which the parties
presented stipulations of fact and testimony in mitigation.
     The record indicates that respondent was indicted by a
Cuyahoga County Grand Jury on October 23, 1991 on one count of
drug abuse for possession or use of cocaine in violation of
R.C. 2924.11, a felony of the fourth degree.  Upon respondent's
plea of no contest to the charge, the court of common pleas
granted his request for treatment in lieu of conviction
pursuant to R.C. 2951.041, and stayed criminal proceedings
until respondent completed a two-year court-ordered
rehabilitation program.  This program included conditions that

respondent participate in both Alcoholics Anonymous and Narcotics Anonymous, attend a "carrying concealed weapon program," obtain employment, submit to random urinalysis testing, maintain a stable residence, and pay the court costs.

The record further shows that on April 7, 1990, respondent was charged by his spouse, Dorothy A. McElrath, with committing domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Respondent pled no contest to the charge and was given a suspended fine and suspended sentence of thirty days in jail, contingent on his successful completion of two-years' probation.

On August 8, 1991, respondent was indicted by a grand jury on one count of carrying a concealed weapon in violation of R.C. 2923.12, a felony of the third degree. Respondent entered a plea of no contest, and in connection with the drug abuse violation he was granted his request for treatment in lieu of conviction. The court incorporated all the conditions established under his drug-abuse rehabilitation program.

On October 8, 1991, the respondent was indicted on one count of trafficking in drugs and one count of trafficking in drugs for possessing cocaine for transport, both violations of R.C. 2925.03 and both felonies of the third degree. In addition, respondent was charged with one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fourth degree. Once again, respondent entered pleas of no contest and the court granted his motion for treatment in lieu of conviction based upon the same terms as in his drug-abuse rehabilitation program.

Respondent also failed to timely pay his attorney registration fees for both the 1991/1993 and 1993/1995 biennia. The 1991/1993 fees were paid nearly twenty-five months late and the 1993/1995 fees were paid one and one-half months late.

Last, respondent was cited by the Supreme Court Commission on Continuing Legal Education for failing to comply with continuing legal education requirements and for failing to file a final report in 1990. Respondent was fined $750, which was paid one and one-half years after the sanction was ordered.

In mitigation, the panel considered letters and testimony on behalf of respondent, including an expert on the medical treatment of drug and alcohol dependency. This evidence portrayed respondent as a very competent attorney entrusted with complex and substantial legal matters prior to the events which led to the instant disciplinary action. The uncontroverted testimony indicated that respondent had made an intense and successful effort during the two-year period prior to the hearing to overcome his drug and alcohol dependency.

The panel found that respondent had violated DR 1-102(A)(3), 1-102(A)(6), and Gov. Bar R. VI(1) and X(3), and recommended that he be suspended from the practice of law for a period of two years. The panel further recommended that the sanction be stayed or suspended under the condition that respondent: (1) submit to weekly random urinalysis testing and that such testing shows negative results to alcohol or mood altering drugs; (2) continue to attend Alcoholic Anonymous and/or Narcotics Anonymous meetings no less frequently than three times per week; (3) attend at least once a month, a group

counseling session conducted by a professional who is an expert in alcohol and drug dependency counseling; (4) secure a legal monitor through the Ohio Lawyers Assistance Program for the two-year period, and a written report by the monitor filed with the Ohio Supreme Court at the end of the two-year period that satisfactorily relates the conduct of respondent during that period; (5) successfully complete the treatment program and conditions imposed upon him by the trial court in connection with the motions granted requesting treatment in lieu of conviction; (6) complete all continuing legal education requirements, and to keep them current; (7) pay all registration fees required by the Ohio Supreme Court prior to the due date; and (8) pay all costs associated with this disciplinary matter.  The board adopted the findings of fact, conclusions of law, and recommendations of the panel.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.
J. Michael Drain, for respondent.

Per Curiam.    We agree that respondent committed the disciplinary violations found by the board.  While we agree with the two-year suspension and conditions recommended by the board, we stay only one year of said suspension, and thereafter place respondent on a one-year monitored probation.  The conditions, as recommended by the board, shall apply during the full two-year suspension and probationary period.  If respondent violates any of the conditions outlined by the board during the period of his probation, the two-year term of suspension will be automatically reimposed.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.